UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ST. CHARLES TOWER, INC. ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. |
| ) | |
| CITY OF CRESTWOOD, ) | |
| MISSOURI and CITY OF ) | |
| CRESTWOOD BOARD ) | |
| OF ZONING ADJUSTMENT ) | |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT

Plaintiff St. Charles Tower, Inc. ("SCT"), for its Complaint against City of Crestwood, Missouri and City of Crestwood Board of Zoning Adjustment, states as follows:

### PARTIES

1. Plaintiff SCT is a corporation organized under the laws of the State of Missouri.

2. Defendant City of Crestwood is a political subdivision of the State of Missouri, organized and existing as a first-class city with a charter form of government.

3. Defendant City of Crestwood Board of Zoning Adjustment is an entity created by the City of Crestwood pursuant to Mo. Rev. Stat. § 64.870.

### JURISDICTION AND VENUE

4. This matter arises under the Federal Telecommunication Act of 1996 (the"TCA"), 47 U.S.C. § 332, et seq., the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. §2000cc-1, et seq, and the Religion Freedom Restoration Act, Mo. Rev. Stat. 1.302. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

5. The Court further has jurisdiction over SCT's state law claims pursuant to 28

U.S.C. §1367 as the claims share a common nucleus of operative fact.

6. This Court is the proper venue because the cause of action accrued within the City of Crestwood, Missouri.

## GENERAL ALLEGATIONS

7. Clear Wireless, LLC ("Clearwire") is building a network to provide internet wireless telecommunications service in and around St. Louis County, Missouri, but a substantial gap in its coverage exists, including in and around the City of Crestwood.

8. To provide this desired coverage, SCT desires to construct a disguised support structure in the form of a flag pole for its cellular telecommunications facility on the property of the Advent Episcopal Church located at 9373 Garber Road in Crestwood, Missouri on which Clearwire would locate its antenna. In keeping with the overall religious character of the property, SCT has proposed that the flag pole disguised support structure include and display a religious symbol consisting of a cross, instead of a flag, as a prominent architectural feature.

9. Per section 26-423 of the Crestwood City Code ("City Code"), a disguised support structure is defined as: "Any freestanding, manmade structure designed for the support of communications antennas, the presence of which is camouflaged or concealed as an architectural or natural feature. Such structures may include, but are not limited to, clock towers, observation towers, pylon signs, water towers, light standards, flag poles and artificial trees."

10. The church property on which SCT desires to construct its disguised support structure is zoned as "R-1 Residential."

11. Per section 26-426(a)(3) of the City Code, to construct its proposed disguised support structure at the chosen location, SCT is in need of an administrative permit.

12. Section 26-426(b) of the City Code sets forth the procedures and requirements for

application of an administrative permit, including a requirement that the application be reviewed by the Director of Public Works of the City of Crestwood ("Director of Public Works").

    a. Section 26-426(b)(2) of the City Code states: "The application shall be reviewed by the [Director of Public Works] to determine compliance with the applicable standards and transmit the application for review and comment by other city departments as may be affected by the proposed facility."

    b. Section 26-426(b)(3) of the City Code states, in part: "The director may deny the application or approve the application as submitted or with such modifications as are, in his/her judgment, reasonably necessary to protect the safety or general welfare of the citizens of the city. A decision to deny an application shall be made in writing, and state the specific reasons for the denial."

13. Section 26-364 of the City Code vests the Crestwood Board of Zoning Adjustment ("BZA") with the power to hear appeals of decision made by the Director of Public Works in the enforcement of city regulations.

14. Section 26-366 of the City Code sets forth the procedure for requesting a hearing for appeal before the BZA of a decision by the Director of Public Works.

    a. Specifically, Section 26-366(b)(1)(c) requires "[a] clear and accurate, written description of the proposed use, work or action to which the appeal is involved and a statement justifying the applicant's position.

15. On or about January 7, 2010, SCT filed an Application for an administrative permit with the Director of Public Works in connection with its proposal to construct a disguised support structure supporting a telecommunications facility.

3

16. SCT's Application complied with the requirements of the Crestwood City Code as to its contents.

17. On or about February 15, 2010, the Director of Public Works denied SCT's Application.

18. On or about March 31, 2010, SCT filed its appeal with the BZA.

19. On or about May 26, 2010, the BZA conducted a public hearing and heard arguments regarding SCT's appeal.

20. On or about July 21, 2010, the BZA issued a written denial of SCT's appeal, a copy of which is attached hereto as Exhibit A.

21. The written denial states that SCT's proposal does not meet the requirements of a disguised support structure on the grounds that the design "would not adequately camouflage or conceal the Tower and antennas as an architectural or natural feature as required by the Zoning Code."

22. The BZA's written denial also states that "the Director [of Public Works] had the discretion to approve or deny the Application depending on, among other things, whether the Application would 'promote health and the general welfare' of the citizens of Crestwood..." *See* Ex. A.

23. Furthermore, the BZA's decision states that "even if Applicant had presented sufficient evidence that [SCT's proposed] Tower qualified as a disguised support structure, the Director is not mandated to issue a permit pursuant to Section 26-426(a)(3) of the Zoning Code, and considering her additional findings regarding the general welfare of the citizens of Crestwood, her denial was still appropriate." *See* Ex. A.

24. Finally, the BZA's decision states that "denial of the Application was appropriate

in order to protect the general welfare of the citizens of Crestwood." *See* Ex. A.

## COUNT I – VIOLATION OF 42 U.S.C. §332(c)(7)(B)(iii)
## (LACK OF SUBSTANTIAL EVIDENCE)

25.  SCT restates and incorporates the allegations in paragraphs 1 through 24 as if stated forth herein.

26.  The City of Crestwood and BZA denied SCT's Appeal because they determined that SCT's proposal to construct a disguised support structure "would not adequately camouflage or conceal the Tower and antennas as architectural or natural feature as required by the Zoning Code." *See* Ex. A.

27.  The City of Crestwood's and BZA's denial of SCT's Appeal was also based on a belief that "denial of the Application was appropriate in order to protect the general welfare of the citizens of Crestwood." *See* Ex. A.

28.  The City of Crestwood's and BZA's denial is based on criteria not provided for in the City Code addressing the facts to be considered when evaluating a request for an administrative permit.

29.  The City of Crestwood's and BZA's denial of SCT's Appeal is based on criteria that Missouri state law does not allow to be considered when evaluating a zoning request.

30.  No substantial evidence within the written record supports the City of Crestwood's and BZA's denial of SCT's Appeal.

31.  The City of Crestwood's and BZA's denial violates the requirements of 47 U.S.C. §332(c)(7)(b)(iii) that the decision be "supported by substantial evidence contained in a written record."

WHEREFORE, SCT prays for the following relief:

5

SLC-6129802-5

a. A declaration that the City of Crestwood's and BZA's denial of SCT's Application violates 47 U.S.C. §332(c)(7);

b. An expedited mandatory injunction or writ in the nature of mandamus compelling the City of Crestwood and/or BZA to issue an Administrative Permit, a building permit, and any other permits necessary for SCT to begin construction on its proposed facility, in accordance with SCT's Application, plans, and specifications submitted by SCT;

c. An expedited order reserving jurisdiction to this Court to resolve any issues between the parties as to further site plan and building permit issues, to ensure the integrity of dealings between the parties as to SCT's Application; and

d. Such other and further relief as the Court deems just.

## COUNT II – VIOLATION OF 42 U.S.C. §2000cc (SUBSTANTIAL BURDEN ON RELIGIOUS EXERCISE)

32. SCT restates and incorporates the allegations in paragraphs 1 through 24 as if stated forth herein.

33. 42 U.S.C. §2000cc(a)(1) states that, "[n]o government shall impose or implement a land use regulation in a manner that imposes a substantial burden on the religious exercise of a person, including a religious assembly or institution, unless the government demonstrates that imposition of the burden on that person, assembly, or institution (A) is in furtherance of a compelling governmental interest; and (B) is the least restrictive means of furthering that compelling governmental interest."

6

34. The Advent Episcopal Church ("the Church") is a "religious assembly or institution" within the meaning of 42 U.S.C. 2000cc(a)(1) and operates a church on the property on which SCT proposes to locate its structure.

35. SCT's proposal, pursuant to its lease with the Church, to locate and display a cross mounted on a flag pole disguised support structure is a "religious exercise" within the meaning of 42 U.S.C. 2000cc(a)(1).

36. The City of Crestwood's and BZA's denial of SCT's application for an administrative permit is a land use regulation that places a substantial burden on a religious exercise in violation of 42 U.S.C. 2000cc.

37. In denying SCT's application for an administrative permit, the City of Crestwood and BZA did not assert and did not present evidence of any "compelling government interest".

38. Furthermore, in denying SCT's application for an administrative permit, the City of Crestwood and BZA purport to assert unlimited discretion in determining the appropriateness of the display of the cross as a religious symbol and religious exercise. *See* Ex. A at ¶ 6.

WHEREFORE, SCT prays for the following relief:

   a. A declaration that the City of Crestwood's and BZA's denial of SCT's Application violates 42 U.S.C. §2000cc;

   b. An expedited mandatory injunction or writ in the nature of mandamus compelling the City of Crestwood and/or BZA to issue an Administrative Permit, a building permit, and any other permits necessary for SCT to begin construction on its proposed facility, in accordance with SCT's Application, plans, and specifications submitted by SCT;

c. An expedited order reserving jurisdiction to this Court to resolve any issues between the parties as to further site plan and building permit issues, to ensure the integrity of dealings between the parties as to SCT's Application;

d. A judgment against Defendants for such sum as will fairly and justly compensate SCT for its damages due to Defendants' violation of Plaintiff's rights;

e. SCT's costs in filing this action, including attorney's fees; and

f. Such other and further relief as the Court deems just.

### COUNT III – VIOLATION OF MO. REV. STAT. 1.302 (RESTRICTION OF FREE EXERCISE OF RELIGION)

39. SCT restates and incorporates the allegations in paragraphs 1 through 24 as if stated forth herein.

40. MO. REV. STAT. 1.302(1) states that: "A governmental authority may not restrict a person's free exercise of religion, unless: (1) the restriction is in the form of a rule of general applicability, and does not discriminate against religion, or among religions; and (2) The governmental authority demonstrates that application of the restriction to the person is essential to further a compelling governmental interest, and is not unduly restrictive considering the relevant circumstances.

41. The Advent Episcopal Church is a "person" within the meaning of MO. REV. STAT. 1.302(1) and operates a church on the property on which SCT proposes to locate its structure.

42. SCT's proposal, pursuant to its lease with the Church, to locate and display a cross mounted on a flag pole disguised support structure in keeping with the religious character

of the property is an act of "free exercise of religion" within the meaning of MO. REV. STAT. 1.302(1).

43. In denying SCT's application for an administrative permit, the City of Crestwood and BZA did not assert and did not present evidence of any "compelling government interest."

44. Furthermore, in denying SCT's application for an administrative permit, the City of Crestwood and BZA purport to assert unlimited discretion in determining what constitutes a disguised support structure, even in the context of religious symbols. *See* Ex. A at ¶ 6.

WHEREFORE, SCT prays for the following relief:

a. A declaration that the City of Crestwood's and BZA's denial of SCT's Application violates MO. REV. STAT. 1.302(1);

b. An expedited mandatory injunction or writ in the nature of mandamus compelling the City of Crestwood and/or BZA to issue an Administrative Permit, a building permit, and any other permits necessary for SCT to begin construction on its proposed facility, in accordance with SCT's Application, plans, and specifications submitted by SCT;

c. An expedited order reserving jurisdiction to this Court to resolve any issues between the parties as to further site plan and building permit issues, to ensure the integrity of dealings between the parties as to SCT's Application;

d. A judgment against Defendants for such sum as will fairly and justly compensate SCT for its damages due to Defendants' violation of Plaintiff's rights;

e. SCT's costs in filing this action, including attorney's fees; and

f. Such other and further relief as the Court deems just.

SLC-6129802-5

## COUNT IV – VIOLATION OF DUE PROCESS RIGHTS

45. SCT restates and incorporates its allegations set forth in paragraphs 1 though 24 above as if set forth herein.

46. The BZA's and City of Crestwood's denial of SCT's application purports to allow the Director of Public Works and the BZA vague and seemingly limitless discretion in determining whether to grant an application for an administrative permit.

47. The BZA has maintained that even if an applicant complies with all of the regulations and procedures set forth by the City Code in applying for an administrative permit that the Director may even then deny the application. *See* Ex. A, "Conclusions of Law" at ¶ 9. ("The BOA finds and determines that even if the Applicant had presented sufficient evidence that the Tower qualified as a disguised support structure, the Director is not mandated to issue a permit…").

48. SCT's Application fully complied with the regulations and procedures set forth by the Crestwood City Code and fulfilled all requirements for granting the administrative permit.

49. SCT has a property interest, protected by the Fourteenth Amendment of the United States Constitution, in obtaining a conditional use permit from the City of Crestwood.

50. The BZA's and City of Crestwood's denial of SCT's Application was truly irrational, arbitrary, capricious, and an abuse of discretion.

51. The BZA's and City of Crestwood's denial of SCT's Application violates SCT's procedural and substantive due process rights provided by the Fourteenth Amendment of the United States Constitution.

WHERFORE, SCT prays for the following relief:

a. A declaration that the City of Crestwood's and BZA's denial of SCT's Application violates SCT's procedural and substantive due process rights as provided by the Fourteenth Amendment of the United States Constitution

b. An expedited mandatory injunction or writ in the nature of mandamus compelling the City of Crestwood and/or BZA to issue an Administrative Permit, a building permit, and any other permits necessary for SCT to begin construction of its proposed facility, in accordance with SCT's Application, plans, and specifications submitted by SCT;

c. An expedited order reserving jurisdiction to this Court to resolve any issues between the parties as to further site plan and building permit issues, to ensure the integrity of dealings between the parties as to SCT's Application;

d. A judgment against Defendants for such sum as will fairly and justly compensate SCT for its damages due to Defendants' violation of Plaintiff's due process rights;

e. SCT's costs in filing this action, including attorney's fees; and

f. Such other and further relief as the Court deems just.

## COUNT V – PETITION FOR WRIT OF CERTIORARI (MO. REV. STAT. §89.110)

52. SCT restates and incorporates allegations in paragraphs 1 through 24 above as if set forth herein.

53. No substantial evidence within the written record supports the City of Crestwood's and BZA's denial of SCT's appeal.

SLC-6129802-5

54. The City of Crestwood's and BZA's denial of SCT's appeal was unauthorized by law in that it is based on criteria that Missouri state law does not allow to be considered when evaluating a zoning request.

55. The City of Crestwood's and BZA's denial of SCT's appeal was based on an incorrect interpretation of the Crestwood City Code in stating the SCT's proposal did not qualify as a disguised support structure.

56. The City of Crestwood's and BZA's denial was arbitrary, capricious, and an abuse of discretion.

WHERFORE, SCT prays for the following relief:

a. A Writ of Certiorari directed to the City of Crestwood Board of Zoning Adjustment requiring them to certify to the Court a true, full, and complete copy of the written record in this case, and to return that record to the Court;

b. A declaration that the City of Crestwood's and BZA's denial of SCT's Application violates 47 U.S.C. §332(c)(7);

c. An expedited mandatory injunction or writ in the nature of mandamus compelling the City of Crestwood and/or BZA to issue an Administrative Permit, a building permit, and any other permits necessary for SCT to begin construction of its proposed facility, in accordance with SCT's Application, plans, and specifications submitted by SCT;

d. An expedited order reserving jurisdiction to this Court to resolve any issues between the parties as to further site plan and building permit issues, to ensure the integrity of dealings between the parties as to SCT's Application;

e. SCT's costs in filing this action, including attorney's fees; and

  f. Such other and further relief as the Court deems just.

            Respectfully submitted,

           By: /s/ Michael J. Tolles
             Craig S. Biesterfeld, ED MO #2630
             Michael J. Tolles, ED MO #5248059
             Husch Blackwell Sanders, LLP
             190 Carondelet Plaza, Suite 600
             St. Louis, Missouri 63105
             Telephone: (314) 480-1500
             Facsimile: (314) 480-1505
             craig.biesterfeld@huschblackwell.com
             mike.tolles@huschblackwell.com

             Eric D. Martin, ED MO #67275
             Bryan Cave LLP
             211 North Broadway, Suite 3600
             St. Louis, MO 63102-2750
             Telephone: (314) 259-2324
             Facsimile: (314) 552-8324
             eric.martin@bryancave.com

             *Attorneys for Plaintiff St. Charles Tower, Inc.*

SLC-6129802-5

Dated: August 20, 2010

*Michelle Henderson*
Michelle Henderson

STATE OF MISSOURI   )
                    )  SS.
ST. LOUIS COUNTY    )

On this 20th day of August, 2010, before me personally appeared Michelle Henderson, a representative of St. Charles Tower, Inc., to me known to be the person described in and who executed the foregoing Complaint, and, upon her oath, acknowledged that she executed the same as her free act and deed and that the matters stated in the foregoing Complaint are true and correct to the best of her knowledge, information, and belief.

*Rachel Anderson*
Notary Public

Rachel Anne Anderson
Notary Public Notary Seal
State of Missouri County of St Louis
My Commission Expires 09/18/2011
Commission # 07266495

14

SLC-6129802-4